**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL RAY HUGHES, | )<br>) |
| Petitioner, | )   3:11-cv-00355-ECR-VPC<br>) |
| vs. | )   **ORDER**<br>) |
| NEVADA DEPARTMENT OF<br>CORRECTIONS, *et al.*, | )<br>)<br>) |
| Respondents. | )<br>/ |

      Michael Ray Hughes, has filed a motion to amend his habeas corpus petition, which includes his proposed statement of additional claims (docket #10). Petitioner's motion is granted.

      Also before the court is petitioner's motion for district judge to reconsider the order denying counsel (docket #11).

      Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In its Order dated August 17, 2011, the court denied petitioner's motion for appointment of counsel (docket #5). Petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's Order should be reversed.

Finally, also before the court is respondents' motion to extend time to respond to the petition (docket #17). Respondents' motion is granted. Respondents shall file their response to the petition and the statement of additional claims no later than thirty days (30) days from the date of entry of this Order.

**IT IS THEREFORE ORDERED** that petitioner's motion to amend/correct petition for writ of habeas corpus (docket #10) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motion for district judge to reconsider order denying appointment of counsel (docket #11) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time to file response to petition and statement of additional claims (docket #17) is **GRANTED**.  Respondents shall file their response to the petition and the statement of additional claims no later than thirty days (30) days from the date of entry of this Order.

Dated this 18th day of October 2011.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE