UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL RAY HUGHES, | ) | |
| Petitioner, | ) | 3:11-cv-00355-HDM-WGC |
| vs. | ) | **ORDER** |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | ) | |
| Respondents. | ) | |

On May 31, 2012, the court granted respondents' motion to dismiss this petition as untimely (ECF #37), and judgment was entered (ECF #38). Before the court is plaintiff's motion for district judge to reconsider the order granting the motion to dismiss (ECF #39).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

> (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order of May 31, 2012, the court granted respondents' motion to dismiss the petition because the petition was not timely filed and was not entitled to statutory or equitable tolling (ECF #37). Petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order granting the motion to dismiss his petition should be reversed.

**IT IS THEREFORE ORDERED** that petitioner's motion for district judge to reconsider order (ECF #39) is **DENIED.**

Dated this 7th day of November, 2012.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE

2